# In the United States Court of Federal Claims

|  |  |
|---|---|
| TIMOTHY ALLEN JOYCE,<br><br>        *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>        *Defendant.* | No. 24-1335<br>(Filed: November 15, 2024) |

*Timothy Allen Joyce*, *pro se*, Rosamond, CA, for Plaintiff.

*Natalee A. Allenbaugh*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**LERNER,** *Judge.*

Plaintiff Timothy Allen Joyce, proceeding *pro se*, filed a Complaint in this Court on August 26, 2024. Compl., ECF No. 1. The Complaint alleges misconduct by the California Air National Guard and the Air Force that occurred twenty-four years ago. *Id.* at 2. Mr. Joyce maintains that in a ploy to deny him a promotion, his test results for an exam were left in a safe for two years, which resulted in a loss of pay and career advancement. *Id.* He requests approximately $185,000 in back pay. *Id.* at 3.

On October 28, 2024, Defendant filed a Motion to Dismiss that argued Plaintiff's claims are time barred. Mot. to Dismiss, ECF No. 9. This Court agrees. Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Motion to Proceed in Forma Pauperis is **GRANTED**. The Complaint is **DISMISSED without prejudice**.

## I.    Background

Mr. Joyce is a veteran of the California Air National Guard. Compl. at 1–2. According to his complaint, sometime in 1998 Mr. Joyce completed the "Seven Level Test" and the Technical Sergeant exam. His Complaint suggests his performance on these tests would affect whether he received a promotion to Technical Sergeant (E-6). *Id.* 2–3. Two years later, Mr. Joyce was considering whether he wanted to reenlist. *Id.* at 1–2. He allegedly spoke with CMSgt Williams of the recruitment department about his decision. During his conversation, Mr. Joyce claims he learned that SMSgt Cowgill locked the results for his promotional exams in a safe for two years to prevent his promotion. *Id.* at 2. Mr. Joyce felt he was cheated out of a promotion and two years of pay. Consequently, he decided not to reenlist. *Id.* He voluntarily

separated from the military on January 30, 2000, with the rank of staff sergeant (E-5). *Id.* at Exhibit 1.

## II.    Analysis

Generally, the U.S. Court of Federal Claims has jurisdiction over improperly denied military promotions. *See, e.g.*, *Young v. United States*, 497 F.App'x 53, 57–58 (Fed. Cir. 2012). However, the Court may not proceed in cases filed six years after the central claim accrues. 28 U.S.C. § 2501. "This six-year jurisdictional period 'is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such must be strictly construed.'" *Mississippi v. United States*, 173 Fed. Cl. 91, 99 (2024) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–77 (Fed. Cir. 1988)). The Court must dismiss a claim whenever it determines that it lacks jurisdiction. Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

A claim is ripe when "all the events have occurred which fix the liability of the Government," and the plaintiff should have been aware of the claim. *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (citation omitted). In military pay cases, the claim accrues at the time of discharge. *Nyberg v. United States*, 173 Fed. Cl. 235, 239 (2024); *Chisolm v. United States*, 82 Fed. Cl. 185, 198, *aff'd,* 298 F.App'x 957 (Fed. Cir. 2008). The plaintiff bears the burden to establish that the claims occurred within the limitations period. *Mississippi*, 173 Fed. Cl. at 99.

The Government moves to dismiss this Complaint because the Court lacks subject matter jurisdiction under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims. Mot. to Dismiss. Mr. Joyce separated from the military on January 30, 2000, so the six-year jurisdictional period ended in January 2006. Since he brought his claim eighteen years too late, the Court lacks jurisdiction over Mr. Joyce's claim. Thus, the Government's Motion to Dismiss is granted.

## III.    Motion to Proceed in Forma Pauperis

Mr. Joyce moved to proceed without paying the prerequisite filing fee. Mot. for Leave to Proceed in Forma Pauperis ("IFP Mot."), ECF No. 2. Under 28 U.S.C § 1915(a)(1), a plaintiff may proceed in forma pauperis when they cannot afford the filing fee. "[P]auper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Okoro v. United States*, 169 Fed. Cl. 462, 465 (2024) (alteration in original) (quoting *Chamberlain v. United States*, 655 F.App'x 822, 825 (Fed. Cir. 2016)). The Court must determine from the financial information he submitted if the plaintiff is unable to pay. *Id.*

Mr. Joyce provides enough information to conclude that paying the filing fee would be a financial hardship. In his motion, he says that he is unemployed, and he last held a job in June 2004. IFP Mot. at 1. Mr. Joyce receives $191.00 a month in retirement benefits. *Id.* at 2. He has $1,500 in a checking or savings account and owns a car valued at about $15,000. *Id.* Mr. Joyce reports that he owes $5,000 in credit card debt. *Id.* Given Mr. Joyce's limited means, the Court grants his request to proceed without paying the filing fee.

## IV.    Conclusion

For the reasons above, Plaintiff's Motion to Proceed in Forma Pauperis, ECF No. 2, is **GRANTED**.  Defendant's Motion to Dismiss, ECF. No. 9, is **GRANTED**.  No money damages are awarded to Plaintiff.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**


 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge